1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

QING FENG WENG                                    )
                                                  )
          Petitioner,                             )     No. CV 06-2090-PHX-EHC (BPV)
vs.                                               )
                                                  )
                                                  )     **REPORT AND RECOMMENDATION**
ALBERTO R. GONZALES, Attorney)
General,                                          )
                                                  )
          Respondent.                             )
_____)

On August 31, 2006, Petitioner, Qing Feng Weng, currently in the custody of the Immigration and Naturalization Service ("Service") and confined in the Immigration Service Processing Center in Florence, Arizona, filed a Petition for Writ of Habeas Corpus by A Person in Federal Custody ("Petition"), pursuant to Title 28, U.S.C. § 2241.  Respondent filed a Response to the Petition for Habeas Corpus on October 2, 2006, with Exhibits 1 through 20 attached.  No reply was filed.

Pursuant to the Rules of Practice of this Court, on September 8, 2006, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.  The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying Petitioner's Petition for Writ of Habeas Corpus.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a citizen and native of the People's Republic of China. (Ex. 1, p.1)[1] Petitioner arrived in the United States at St. John, Virgin Islands, by boat, via Cuba, on May 19, 1996, without being inspected by an Immigration Officer. On May 21, 1996, Petitioner was taken into custody to be entered into immigration proceedings. (*Id.*)

On May 21, 1996, an Order to Show Cause and Notice of Hearing was issued to Petitioner directing him to appear before an Immigration Judge, at a time to be later set with notice to be provided, and charging Petitioner with removability under § 241(a)(1)(B) of the Immigration and Nationality Act ("INA") as an immigrant who entered the United States without inspection. (Ex. 2, p. 3) Petitioner was released on bond on June 27, 1996. (Ex. 3.)

Petitioner appeared before an immigration judge ("IJ"), who issued a decision on February 25, 1997. (Ex. 4.) The IJ ordered Petitioner's request for asylum under § 208 denied; denied Petitioner's request for withholding of deportation under § 243(h); denied Petitioner's request for voluntary deportation under § 244(e); and ordered Petitioner deported to the People's Republic of China. (Ex. 4.)

Petitioner appealed, but the Board of Immigration Appeals ("BIA") rejected his brief as untimely, having been filed one day late. (Ex. 5.) The BIA allowed Petitioner to file a motion for consideration of a late filed brief, but denied the motion on May 18, 1998. (*Id.*) Petitioner's appeal was denied by the BIA on April 26, 2001. (Ex. 6.) Petitioner was granted 30 days to depart voluntarily. (*Id.*)

Petitioner's bond was cancelled on January 8, 2003. (Ex. 7.) On January 28, 2003, notice was given by certified mail to Petitioner to report to INS ready for

---

[1] All exhibit numbers in this Report and Recommendation are references to exhibit numbers in the exhibits attached to Respondents' " Response in Opposition to Petition for Writ of Habeas Corpus."

1  departure to the People's Republic of China on March 11, 2003, with a valid passport.

2  (Ex. 8.)

3      Petitioner was next apprehended by Border Patrol on October 3, 2005, at a

4  Greyhound Bus station, in Fort Lauderdale, Florida, and was taken into custody.  (Ex.

5  9.)

6      On November 9, 2005, Petitioner was provided with a Notice to Alien of File

7  Custody Review, informing Petitioner that his custody status would be reviewed on or

8  about January 3, 2006, and further instructing Petitioner regarding the mandatory

9  requirements to assist in removal.  (Ex. 10.)

10      On January 20, 2006, the Department of Homeland Security ("DHS") sent a

11  letter to the Consul General of the People's Republic of China requesting emergency

12  travel documents to facilitate Petitioner's departure from the United States.  (Ex. 11.)

13      Respondent asserts that the Chinese Consulate asked Petitioner to complete

14  required documentation to obtain travel documents, but Petitioner refused to fill out the

15  documents[2].  (Response, p. 3, Ex. 12)

16      On March 28, 2006, the deportation officer sent a letter to Headquarters, Office

17  of Field Operations, in Washington, DC, requesting assistance in obtaining travel

18  documents for Petitioner.  (Ex. 13.)

19

20  _____

21  [2]   This assertion was originally based on an unsigned declaration
22  submitted with the Answer as exhibit number 12.  The Court struck
    the document as an unsigned affidavit (erroneously noting it as
23  exhibit number 12, but correctly identifying the document as the
    document submitted by Janie E. Bennett, Deportation Officer,
24  Department of Homeland Security), after the Respondent failed to
    respond to an order to show cause why the document should not be
25  struck.  The Court allowed the declaration to be refiled upon
    realization that, due to docketing error, the Respondent had not been
26  served with the order to show cause.  A motion and signed
    declaration was submitted on January 8, 2007.  The Court granted the
27  motion, ordering the exhibit filed.

28                                      - 3 -

On April 6, 2006, the Filed Office Director signed a Notice of Failure to Comply Pursuant to 8 C.F.R. 241.4 (g) letter, informing Petitioner that his custody status had been reviewed, but that he would not be released because of his failure to assist in timely and good faith efforts to obtain travel documents. (Ex. 14.)

On April 18, 2006, another letter was sent to the Office of Field Operations asking for assistance in obtaining travel documents. (Ex. 15.)

On May 5, 2006, Petitioner was again instructed regarding his requirements to assist in his removal. (Ex. 16.) On August 9, 2006, Petitioner was served with another Notice of Failure to Comply letter. (Ex. 17.)

On September 11, 2006, another request for emergency travel documents was sent to the Chinese Consulate. (Ex. 18.) On September 13, 2006, Petitioner was again advised of his responsibility to assist in his own removal. (Ex. 19.) On September 18, 2006, DHS sent a letter to the Chinese Consulate requesting an update on Petitioner's travel documents. (Ex. 20.)

### DISCUSSION

Legal Standard - Indefinite Detention

The federal habeas corpus statute, 28 U.S.C. § 2241 confers jurisdiction upon the federal courts to hear cases involving statutory and constitutional challenges to post-removal-period detention. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

When a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory removal period. *See* 8 U.S.C. § 1231(a)(1)(A) (1996). However, further detention of inadmissible or criminal aliens is authorized: "An alien ordered removed ... [pursuant to certain sections relating to inadmissible or criminal aliens] ... may be detained beyond the removal period..." *See* 8 U.S.C. § 1231(a)(6) (1994).

Thus, detention for more than 90 days pending removal is clearly authorized, without statutory limit as to how long the alien may be detained. However, as discussed

- 4 -

1   below, case law finds implicit constitutional limits in certain circumstances.

2   Interpreting 8 U.S.C. §1231(a)(6), the Supreme Court concluded that the Government's

3   ability to detain an alien under this provision is not unlimited.  *Zadvydas v. Davis*, 533

4   U.S. 678, 701, 121 S.Ct. 2491, 2505 (2001).  Continued detention is prohibited, "once

5   removal is no longer reasonable foreseeable...." *Id.*  Detention of a removable alien for

6   up to six months is presumptively reasonable.  *Id.* at 701.  "After this 6-month period,

7   once the alien provides good reason to believe that there is no significant likelihood of

8   removal in the reasonably foreseeable future, the Government must respond with

9   evidence sufficient to rebut that showing." *Id.* at 701.

10  Legal Standard - Refusal to Aid in Removal

11          Detention beyond the statutory removal period may also be extended beyond the

12  period of 90 days "if the alien fails or refuses to make timely application in good faith

13  for travel or other documents necessary to the alien's departure or conspires or acts to

14  prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).

15  The United States Court of Appeals, Ninth Circuit, has held that continued detention

16  when an alien fails to act in good faith to aid in his own removal does not present the

17  same constitutional concerns raised when the continued detention is pursuant to the

18  statutory provision at issue in *Zadvydas*, 8 U.S.C. § 1231(a)(6): "The risk of indefinite

19  detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does

20  not exist when an alien is the cause of his own detention."  *Pelich v. INS*, 329 F.3d

21  1057, 1060 (9th Cir. 2003).  The Ninth Circuit held that "an alien cannot assert a viable

22  constitutional claim when his indefinite detention is due to his failure to cooperate with

23  the INS's efforts to remove him." *Id.* at 1061.  If a petitioner could effectuate his or her

24  own removal by providing the information requested, then it naturally follows that the

25  detention is not destined to be indefinite.  *Id.* at 1061.

26

27

28                                        - 5 -

1   Analysis

2       Petitioner's final order of removal was issued on April 26, 2001, however, he

3   was not detained on the order until October 3, 2005.  Thus, at this time, he has been

4   detained approximately one year and five months.

5   *Continued Detention Pursuant to 8 U.S.C. 1231(a)(6)*

6       The Government asserts that Petitioner refuses to cooperate in his removal, and

7   thus continued detention is lawful pursuant to 8 U.S.C. § 1231(a)(1)(C).  On November

8   9, 2005, Petitioner was notified of the requirement to assist in good faith in the

9   application of travel documents for the purpose of his removal, and was notified that

10  failure to do so would result in an extension of the statutory removal period.  (Ex. 10.)

11      Deportation Officer Bennett, in a signed declaration, asserts that, on February

12  17, 2006, Petitioner refused to fill out the required travel document application.   (Doc.

13  No. 12.)  A copy of the travel document is not included as an exhibit in the Answer, but

14  the Notice of Failure to Comply (Ex. 14), indicates that Petitioner failed to fill out the

15  travel document in Chinese, and failed to fill out basic biographic information about his

16  parents, wife and child in China, to enable Chinese officials to verify his citizenship.

17  Petitioner refused to sign acknowledgment of service of the notice.  (Id.)

18       Petitioner did not allege in his petition that he complied with all requests, in

19  good faith, to aid in obtaining travel documents, nor did he file a reply contradicting the

20  Government's factual basis or legal argument that his refusal to cooperate in obtaining

21  travel documents justifies his continued detention.

22      The Magistrate Judge finds that the evidence has established that Petitioner has

23  failed to cooperate with his own removal, and extension of the period of detention is

24  authorized pursuant to 8 U.S.C. § 1231.

25      Additionally, even if Petitioner's case fell within the confines of *Zadvydas*,

26  Petitioner has failed to meet his burden of providing good reason to believe that there

27  is no significant likelihood of removal in the reasonably foreseeable future.  Petitioner

28

1  has been detained beyond the presumptively reasonable period of 6-months, but this
2  showing alone is insufficient to meet his burden.  Furthermore, the Government has
3  rebutted any showing by demonstrating that Petitioner is a citizen of China, a country
4  to which the United States regularly removes aliens, and that any impediment to
5  Petitioner's removal is due to his own conduct.

6          Accordingly, Petitioner's request to be released pursuant to *Zadvydas* must fail.

7                                    **RECOMMENDATION**

8          For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS**
9  that the District Court, after its independent review, issue an Order **denying** Petitioner's
10  Petition for Writ of Habeas Corpus filed August 31, 2006.

11         Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections
12  with the District Court within ten days of being served with a copy of this Report and
13  Recommendation.  If the objections are not timely filed they may be deemed waived.
14  If any objections are filed, this action should be designated with the following case
15  number: **CV 06-02090-PHX-EHC**.

16         DATED this 9th day of March, 2007.

17

18

19

20  _____
                 Bernardo P. Velasco
21            United States Magistrate Judge

22

23

24

25

26

27

28
                                      - 7 -